**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
ANDREW C. HAMILTON (299877)
*andrew@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:   (619) 798-2006
Facsimile:    (619) 343-2789

**Counsel for Plaintiff**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BEASLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY STORES, INC., NESTLE USA, INC., SAVE MART COMPANIES, INC., SAVE MART SUPER MARKETS, and THE KROGER COMPANY<br><br>Defendants. | Case No: 3:18-cv-7144-MMC<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge: The Honorable Maxine M. Chesney<br>Date: July 19, 2019<br>Location: Courtroom 7<br>Complaint Filed October 29, 2018 |

Plaintiff respectfully submits the following objections to Defendants' reply in support of their motion to dismiss.

## I. DEFENDANTS EVADED THEIR PAGE LIMIT WITH NEARLY FIVE PAGES WORTH OF LENGTHY, SUBSTANTIVE FOOTNOTES.

Defendants' reply brief contains 19 footnotes that include 46 citations to 25 separate cases. The footnotes cover 132 lines, just short of five pages of standard text in a brief that had a 15-page limit. Yet it is "inappropriate to put substantive arguments in footnotes" and "'[a]rguments raised only in footnotes, or only on reply, are generally deemed waived.'" *Alabsi v. Savoya, LLC*, 2019 U.S. Dist. LEXIS 49675, at *28 n.2 (N.D. Cal. Mar. 25, 2019) (citing and quoting *Estate v. Saunders v. C.I.R.*, 745 F.3d 953, 962 n.8 (9th Cir. 2014)). By comparison, Plaintiff's opposition had only one footnote, and there was no argument in it; it simply provided the definition of "rider" from Black's Law Dictionary.

## II. DEFENDANTS MAKE NEW ARGUMENTS ON REPLY.

For the first time on reply, Defendants make a "legislative history" argument, citing a "Wayback Machine" version of a document to support the claim that "Congress passed § 754 to prevent 'frivolous lawsuits' based on trans fat use." Dkt. 43 at 6, n.7. The link in Defendants' reply brief, however, does not work, neither in the "Wayback Machine" version nor the original government version. Plaintiff thus objects to the consideration of a document with no citation other than a non-functioning web link.

Even if the dead link says what Defendants claim, the Court should still not consider it. First the site "policy.house.gov" is the former website of the House Republican Policy Committee, not an official site of Congress itself. Second, the official, bicameral and non-partisan Congressional Research Service summary of § 754 *is exactly in accord* with Plaintiff's argument that § 754 only governs the FDA:

> (Sec. 754) Prohibits the FDA from deeming partially hydrogenated oils to be unsafe or any food containing a partially hydrogenated oil to be adulterated prior to June 18, 2018.

Congressional Research Service, Summary of Public Law 114-113 (2015). Available at www.congress.gov/bill/114th-congress/house-bill/2029 (last accessed June 14, 2019).

Likewise, there "is a presumption in American law against retroactive legislation." *Mtoched v. Lynch*, 786 F.3d 1210, 1214 (9th Cir. 2015) (citing *Vartelas v. Holder*, 566 U.S. 257, 266 (2012)). Faced with a presumption they needed to overcome, Defendants made no argument on this whatsoever in their

1

*Beasley v. Lucky Stores, Inc. et al.*, Case No: 3:18-cv-7144-MMC
PLAINTIFF'S OBJECTIONS TO REPLY IN SUPPORT OF MOTION TO DISMISS

1 motion itself. Instead, only on reply, do they argue that § 754 retroactively preempts California-law claims that were ripe many years before its passage. Dkt. 43 at 7. Plaintiff thus objects to a consideration of retroactivity when Defendants made no mention of the issue until their reply. Plaintiff also notes that Defendants failed to make this argument in their motion even though the Ninth Circuit highlighted this specific issue (while declining to decide it) in *Hawkins*, stating "the analysis may be different as to purchases prior to the 2015 Final Determination, between the 2015 Final Determination and the passage of the 2016 CAA, and after the passage of the 2016 CAA. These distinctions were not addressed." *Hawkins v. Kroger Co.*, 906 F.3d 763, 773 (9th Cir. 2018). Defendants were of course aware of this decision and cited other parts of it in their opening memorandum.

## III.    DEFENDANTS BADLY MISSTATE THE DECISIONS IN HAWKINS.

Addressing the April 2019 decision in *Hawkins* following remand, Defendants claim:

> To be sure, *Hawkins* found no conflict preemption, but it did so solely with respect to plaintiff's labeling claims, not as to the use claims.

Dkt. 43 at 2. Then, as part of a 14-line footnote, Defendants argue:

> There is no question that the *Hawkins* decision relates solely to "0g Trans Fat" advertising claims and not PHO use claims. *See also, e.g., Hawkins*, 2019 WL 1506845, at *3

Dkt. 43 at 2 n.1. This is false. Of course the district court rejected preemption of Plaintiff's use claims in the decision at issue. First, the Ninth Circuit's holding and remand to the district court was:

> Because the FDA regulations do not authorize the contested statement, Hawkins's labeling claims are not preempted. […] Thus, we leave it to the district court on remand to decide in the first instance to what extent, if at all, the state law use claims are federally preempted. […] On remand, the district court shall consider whether the use claims are preempted.

*Hawkins*, 906 F.3d at 772-73.

On remand, just as the Ninth Circuit instructed, Kroger made its argument that § 754 preempts the trans fat use claims. The district court rejected it, as well as every other argument for dismissal. Defendants thus accuse Judge Miller of (1) needlessly reaching the "0g trans fat" label preemption issue and (2) ignoring the Ninth Circuit's instruction that on "remand, the district court shall consider whether the use claims are preempted." *Hawkins*, 906 F.3d at 773. To support this, Defendants recited the instances in which the district court *referenced* the label claims, but those were to provide factual background, procedural history, and evaluate the non-preemption arguments against the label claims.

2

*See Hawkins*, 906 F.3d at 773 n.11 ("Kroger brings a plethora of other alternative grounds to affirm that were not addressed by the district court [which] are best presented to the district court in the first instance on remand."). Defendants further argue:

> What is more, *Hawkins* expressly recognizes that, "[u]nder the regulations, ***Kroger is free to continue to add PHO to its products until June 18, 2020***,"[2] and thus is ***fully supportive*** of the application of conflict preemption to the use claims. *Id*.

Dkt. 43 at 2-3 (Defendants' emphasis). In fact, the district court was simply mentioning the undisputed fact there was a federal compliance period in the course of *rejecting* a "safe harbor" argument identical to the one Defendants make here. This is made clear in the immediately prior paragraph of the decision:

> In large part, Kroger contends that the implementation of interim regulations permitting the use of PHO through June 18, 2020 "deems the use of PHO lawful." (Motion at p.9:3-16). This argument is not persuasive.

*Hawkins v. Kroger Co.*, 2019 U.S. Dist. LEXIS 59249, at *9 (S.D. Cal. Apr. 4, 2019).

## IV. ONLY ON REPLY DO DEFENDANTS SEEK TO EXPAND *CHINA AGRITECH* TO CASES WHERE THERE WAS NO PRIOR CLASS CERTIFICATION DECISION.

For the first time in their reply brief, Defendants argue that the Court should expand the bright-line *China Agritech* exception to *American Pipe* tolling, which does not allow such tolling "upon denial of class certification." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018). Plaintiff further objects because Defendants do not even clearly state the rule they seek to deviate from, and only make their request for extending the *China Agritech* exception to cover cases without decisions on class certification in their reply brief. Dkt. 43 at 10-11. The better analysis in any event is:

> *China Agritech* thus stands for the proposition that *American Pipe* tolling does not save a subsequently filed class action when class certification previously has been denied. *China Agritech* did not involve and did not address application of *American Pipe* to a case like this one, where prior class actions had been filed but dismissed for reasons separate and apart from the propriety of class certification.

*Betances v. Fischer*, 2019 U.S. Dist. LEXIS 32372, at *20 (S.D.N.Y. Feb. 21, 2019). *Accord*, *Fierro v. Landry's Rest. Inc.*, 32 Cal. App. 5th 276, 297 (2019) ("Thus, upon denial of class certification in an action, a putative class member may not commence the same class claim in a new action beyond the time allowed by the limitation period applicable to the class claim.").

3

*Beasley v. Lucky Stores, Inc. et al.*, Case No: 3:18-cv-7144-MMC
PLAINTIFF'S OBJECTIONS TO REPLY IN SUPPORT OF MOTION TO DISMISS

DATED: June 17, 2019                            Respectfully Submitted,

/s/ Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
ANDREW C. HAMILTON
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:     (619) 798-2006
Facsimile:     (619) 343-2789

**Counsel for Plaintiff**

4

*Beasley v. Lucky Stores, Inc. et al.*, Case No: 3:18-cv-7144-MMC
PLAINTIFF'S OBJECTIONS TO REPLY IN SUPPORT OF MOTION TO DISMISS