MAYER BROWN LLP
Carmine R. Zarlenga (D.C. Bar No. 386244)
*czarlenga@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile:  (202) 263-3300

Dale J. Giali (Cal. Bar No. 150382)
*dgiali@mayerbrown.com*
Keri E. Borders (Cal. Bar No. 194015)
*kborders@mayerbrown.com*
Rebecca B. Johns (Cal Bar. No. 293989)
*rjohns@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile:  (213) 625-0248

Attorneys for Defendants
NESTLE USA, INC.,
SAVE MART SUPERMARKETS,
and THE KROGER COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BEASLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY STORES, INC., NESTLE USA, INC., SAVE MART SUPER MARKETS, THE KROGER COMPANY, and THE SAVE MART COMPANIES, INC.,<br><br>Defendants. | Case No. 3:18-cv-07144-MMC<br><br>**RESPONSE AND OBJECTION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**<br><br>Second Amended<br>Complaint Filed:       October 4, 2019<br><br>Honorable Maxine M. Chesney |

RESPONSE TO REQUEST FOR ENTRY OF DEFAULT;
CASE NO. 3:18-cv-07144-MMC

736432015

## RESPONSE AND OBJECTION TO REQUEST FOR ENTRY OF DEFAULT

On November 26, 2018, defendants first appeared in this action and in the ensuing 18 months, defendants actively defended this matter. Among other things, defendants:

- Removed this case to Federal Court (ECF 1);
- Opposed plaintiff's motion to remand (ECF 30);
- Filed a motion to dismiss the First Amended Complaint (ECF 36);
- Filed a motion to dismiss the Second Amended Complaint (ECF 59);
- Filed a joint case management conference statement and appeared at the joint case management conference on January 31, 2020 (ECF 68);
- Responded to discovery;
- Participated in an almost three hour meet and confer with plaintiff on February 27, 2020 regarding discovery responses;
- Filed a joint proposed stipulated protective order on February 29, 2020 (ECF 68);
- Are taking plaintiff's deposition on March 10, 2020; and
- Are scheduled to file a motion for summary judgment on March 20, 2020.

Notwithstanding this unambiguous record, plaintiff now seeks defendants' default. The sole basis for the request is that defendants inadvertently have not yet filed an answer. What's more, the default request was filed without a single phone call or e-mail to opposing counsel to inquire why an answer has not yet been filed. Default is neither appropriate nor permitted under these circumstances.

Pursuant to Fed. R. Civ. P. 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead ***or otherwise defend,*** and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. *Id*. (emphasis added). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F. 2d 431, 463 (9th Cir. 1984). Here, the sole basis of plaintiff's purported request for entry of default is defendants' inadvertent failure to file an answer. But, the failure of a defendant to file an answer – especially after having been

actively engaged in defending the matter – does not support a default, and denying a request under such a record is well within the Court's sound discretion. *Draper v. Coombs*, 792 F. 2d 915, 924-25 (9th Cir. 1986); *Lazar v. Charles Schwab and Co., Inc.*, 2013 WL 12403551, at *3 (Aug. 21, 2013 C.D. Cal.).

Defendants will file their answer by March 4. There is no prejudice to the plaintiff and, under these circumstances, a default should not be entered.

Dated: March 3, 2020

MAYER BROWN LLP
Carmine R. Zarlenga
Dale J. Giali
Keri E. Borders
Rebecca B. Johns

By: */s/ Dale J. Giali*
    Dale J. Giali
Attorneys for Defendants
NESTLE USA, INC.,
SAVE MART SUPERMARKETS,
and THE KROGER COMPANY