**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:   (619) 798-2006
Facsimile:    (619) 343-2789

**Counsel for Plaintiff**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK BEASLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY STORES, INC., NESTLE USA, INC., SAVE MART COMPANIES, INC., SAVE MART SUPER MARKETS, and THE KROGER COMPANY<br><br>Defendants. | Case No: 3:18-cv-7144-MMC<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS LUCKY STORES, INC., SAVE MART COMPANIES, INC., SAVE MART SUPER MARKETS, AND THE KROGER COMPANY TO PROVIDE SUBSTANTIVE DISCOVERY RESPONSES**<br><br>Judge: The Honorable Maxine M. Chesney<br>Date: September 11, 2020<br>Location: Courtroom 7<br>Complaint Filed October 29, 2018 |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 11, 2020 at 9:00 a.m. in Courtroom 7 of the United States District Court located at 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiff Mark Beasley will and hereby does, respectfully move the Court for an order compelling Defendants Lucky Stores, Inc., Save Mart Companies, Inc., Save Mart Super Markets, and The Kroger Company (collectively "the Retailer Defendants") to provide responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories.

Pursuant to Civil Local Rule 37, prior to bringing this motion, Plaintiff attempted to meet and confer with counsel for the Retailer Defendants. Specifically, he sent them a detailed letter providing his position with respect to the requests in dispute on July 10, 2020. Weston Decl. ¶ 22, Ex. 21.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Gregory S. Weston, and on all other pleadings and papers on file in this action, and on such oral and documentary evidence and argument as may be presented at the time of hearing.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... III
I.    SUCCINCT STATEMENT OF RELEVANT FACTS ............................................................... 1
II.   ISSUES TO BE DECIDED ................................................................................................. 1
III.  LEGAL STANDARD ......................................................................................................... 2
IV.   PLAINTIFF REQUESTS THE COURT COMPEL SUBSTANTIVE ANSWERS TO INTERROGATORY NO. 1. ................................................................................................ 2
V.    PLAINTIFF REQUESTS THE COURT OVERRULE THE RETAILER DEFENDANTS' OBJECTIONS AND ORDER FULL RESPONSES TO RFPS NOS. 1-2. ........................................................................................................................ 3
VI.   THE RETAILER DEFENDANTS' "GENERAL OBJECTIONS" TO DEFINITIONS SHOULD BE OVERRULED. ................................................................................................ 4
VII.  THE "OVERBROAD AND UNDULY BURDENSOME" OBJECTIONS SHOULD BE OVERRULED. ................................................................................................................... 5
VIII. THE RETAILER DEFENDANTS' "CONFIDENTIAL INFORMATION" OBJECTIONS SHOULD BE OVERRULED. .............................................................................................. 6
IX.   THE RETAILER DEFENDANTS' "PRIVILEGE" OBJECTIONS SHOULD BE OVERRULED. ................................................................................................................... 6
X.    THE "NOT LIKELY TO LEAD TO ADMISSIBLE EVIDENCE" OBJECTIONS SHOULD BE OVERRULED. ................................................................................................ 7
XI.   THE "SUMMARY OF VOLUMINOUS DOCUMENTS" OBJECTION SHOULD BE OVERRULED. ................................................................................................................... 8
XII.  THE RETAILER DEFENDANTS MAY NOT RE-WRITE DISCOVERY REQUESTS TO THEIR LIKING. ............................................................................................................ 8
XIII. THE RETAILER DEFENDANTS MAY NOT EVADE THEIR DISCOVERY OBLIGATIONS BY REQUIRING INFORMATION FROM PLAINTIFF PRIOR TO RESPONDING. .................................................................................................................. 8
XIV.  PLAINTIFF REQUESTS LEAVE TO FILE A FEE APPLICATION SHOULD HE PREVAIL ON THIS MOTION. ........................................................................................... 9
XV.   CONCLUSION ................................................................................................................ 10

## I. Succinct Statement of Relevant Facts

On July 2, 2019, Plaintiff served his First Sets of Interrogatories and Requests for Production on each of the four Retailer Defendants. Weston Decl. Exs. 1-8. Each set was only a single Interrogatory and two Requests for Production. *Id.* The Retailer Defendants served complete non-responses to these requests on August 5, 2019. Weston Decl. Exs. 9-16. After conferring, they changed their position and agreed to actually respond, but then failed to do so. Dkt. 78-1, Weston Decl. ¶¶ 4-5.

On February 21, 2020, Defendant Kroger served supplemental responses to Plaintiff's First Sets of Interrogatories and Requests for Production. Weston Decl. Exs. 18, 20. Save Mart served it supplemental responses to the same on February 25, 2020.[1] Weston Decl. Exs. 17, 19. While the documents are titled "Responses," the Retailer Defendants once again served only objections and non-responses.

The Parties submitted a Joint CMC Statement on June 12, 2020. Dkt. 86. In the CMC Statement, the Retailer Defendants stated

> Although the parties disagree as to the status of discovery during the pendency of the preliminary motion for summary judgment, in light of the Court's order denying defendants' MSJ on June 12, 2020, this is no longer an issue. Defendants intend to begin document production within 30 days of the case management conference scheduled for June 19, 2020

Dkt. 86 at 6-7.

While representing to Plaintiff and the Court production would begin on July 18, no document production began that day, nor since. On July 10, Plaintiff sent the Retailer Defendants an additional meet and confer letter. Weston Decl. ¶ 23, Ex. 21. Defendants did not respond to the meet and confer letter. On July 30, Plaintiff wrote an e-mail to the Court's courtroom deputy suggesting an order that Defendants respond to the July 10 letter, as well as other letters Defendants had ignored and the setting of a discovery status conference. The clerk responded that the motions to compel could be filed and the matter would be referred to a magistrate a day or two later. Weston Decl. ¶ 24.

## II. Issues To Be Decided

1. Should the Court compel the Retailer Defendants to provide substantive responses to

---

[1] The Save Mart Company, Inc's Supplemental Responses were served jointly on behalf of Save Mart Super Markets and Lucky Stores, Inc.

Interrogatory No. 1 and Requests for Production Nos. 1 and 2?

2. Should the objections of the Retailer Defendants be overruled?

## III. Legal Standard

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). "An interrogatory or request for production may relate to any matter that may be inquired under Rule 26(b)." *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, 2016 U.S. Dist. LEXIS 153560, at *6 (S.D. Cal. Nov. 3, 2016); Fed. R. Civ. P. 33(a)(2) (same).

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "Parties are required to respond to interrogatories to the fullest extent possible in writing and under oath." *Saleha v. Tristar Prods.*, 2019 U.S. Dist. LEXIS 26264, at *6 (S.D. Cal. Feb. 19, 2019). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

## IV. Plaintiff Requests the Court Compel Substantive Answers to Interrogatory No. 1.

Plaintiff respectfully requests that the Court compel the Retailer Defendants[2] to provide a substantive response to the following Interrogatory:

INTERROGATORY NO. 1: For each year of the CLASS PERIOD, state or estimate your unit sales of COFFEE-MATE in California and the total revenue derived therefrom.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:
Save Mart Companies objects to this Interrogatory to the extent that it seeks the disclosure of information or documents protected by the attorney-client privilege, attorney work-product doctrine, the self-evaluative privilege, or any other applicable privilege or doctrine. Save Mart Companies further objects to this Interrogatory to the extent that it seeks the production of proprietary and/or confidential business information, trade secrets, and/or private or

---

[2] Plaintiff served identical discovery requests on each of the Retailer Defendants, and their non-responses and objections were also identical.

personal information, including any information that is privileged or protected under any provision of law, including without limitation Article 1 of the California Constitution, or any confidentiality agreement. Save Mart Companies further objects to this Interrogatory because it is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense, and is not proportional to the needs of this case. Save Mart Companies further objects to this Interrogatory because it is overbroad. Save Mart Companies further objects to this Interrogatory on the grounds that it seeks a summary of voluminous documents. Subject to and without waiving said objections, Save Mart Companies responds that it will provide the requested sales information, not revenue information, in response to Request for Production No. 1.

## V.  Plaintiff Requests the Court Overrule the Retailer Defendants' Objections and Order Full Responses to RFPs Nos. 1-2.

Plaintiff respectfully requests that the Court compel each of the Retailer Defendants to provide substantive responses to the following Requests for Production:

REQUEST NO. 1:
All DOCUMENTS describing or summarizing the total sales and pricing of COFFEE-MATE in YOUR grocery stores in California during the CLASS PERIOD.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:
Save Mart Companies objects to this Request to the extent that it seeks the disclosure of information or documents protected by the attorney-client privilege, attorney work-product doctrine, the self-evaluative privilege, or any other applicable privilege or doctrine. Save Mart Companies further objects to this Request to the extent that it seeks the production of proprietary and/or confidential business information, trade secrets, and/or private or personal information, including any information that is privileged or protected under any provision of law, including without limitation Article 1 of the California Constitution, or any confidentiality agreement. Save Mart Companies further objects to this Request because it is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense, and is not proportional to the needs of this case. Save Mart Companies further objects to this Request because it is overbroad. Save Mart Companies further objects to this Request to the extent that producing the documents it seeks would be unduly burdensome. Subject to and without waiving said objections, Save Mart Companies will produce nonprivileged documents, if any, responsive to this Request for Coffee-mate products during the class period once information has been provided by plaintiff as to the specific SKU product information requested.

REQUEST NO. 2:
All DOCUMENTS in your possession RELATING TO the effects of PHO or trans fat on human or animal health.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:

Save Mart Companies objects to this Request to the extent that it seeks the disclosure of information or documents protected by the attorney-client privilege, attorney work-product doctrine, the self-evaluative privilege, or any other applicable privilege or doctrine. Save Mart Companies further objects to this Request to the extent that it seeks the production of proprietary and/or confidential business information, trade secrets, and/or private or personal information, including any information that is privileged or protected under any provision of law, including without limitation Article 1 of the California Constitution, or any confidentiality agreement. Save Mart Companies further objects to this Request because it is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense, and is not proportional to the needs of this case. Save Mart Companies further objects to this Request because it is overbroad. Save Mart Companies further objects to this Request to the extent that producing the documents it seeks would be unduly burdensome.

## VI.  The Retailer Defendants' "General Objections" to Definitions Should Be Overruled.

Parties must "exercise common sense and attribute ordinary definitions to terms in discovery requests." *Sanchez Y Martin, S.A. v. Dos Amigos, Inc.*, 2019 U.S. Dist. LEXIS 23694, at *11 (S.D. Cal. Feb. 13, 2019). Here, Defendants object the definitions of the terms "you," "your," "market," and "marketing" as "overly broad, vague, ambiguous, and unduly burdensome." Weston Decl. Exs. 9-20. However, general "'or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.'" *Glaukos Corp. v. Ivantis, Inc.,* 2019 U.S. Dist. LEXIS 77983, at *5 (C.D. Cal. Jan. 24, 2019) (quoting *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)).

Their objection to "class period" is also invalid. They object because "the timeframe extends beyond that which is permitted by the applicable statute of limitations." Weston Decl. Exs. 9-20. However, the "statute of limitations is not a rigid barrier separating discoverable information from information outside the scope of discovery." *Gottesman v. Santana*, 2017 U.S. Dist. LEXIS 196260, at *16 (S.D. Cal. Nov. 29, 2017). Moreover, the information is relevant to the factual question of Defendants' affirmative defense of statute of limitations, and Plaintiff's delayed discovery/tolling allegations. Defendants also lost an early summary judgment motion on their statute of limitations defense. *Beasley v. Lucky Stores, Inc*., 2020 U.S. Dist. LEXIS 103259, at *10 (N.D. Cal. June 12, 2020).

## VII. The "Overbroad and Unduly Burdensome" Objections Should Be Overruled.

Each of the Retailer Defendants object to ROG No. 1 and RFPs Nos. 1-2 as "not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense," "not proportional to the needs of the case," and "unduly burdensome." Weston Decl. Exs. 9-20.

At the outset, this cut-and-paste objection that every single defendant made to every single request is absurd. How could a simple request for the annual retail sales of Coffee-mate not be "reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense" in a class action relating to the advertising of Coffee-mate?

Similarly, the request for documents relating to the "effects of PHO or trans fat on human or animal health" seeks facts at the heart of the litigation. Much of the operative complaint cites and describes studies concerning this very topic of the "effects of PHO or trans fat on human or animal health." *See* Second Amended Complaint, Dkt. 55 ¶¶ 24-60.

While Plaintiff, as the requesting party, can easily show that these very limited three discovery requests are highly relevant, the "'burden is on the responding party to justify its objections or its failure to provide complete answers to interrogatories.'" *Tucker v. AMCO Ins. Co.*, 2018 U.S. Dist. LEXIS 197140, at *16-17 (E.D. Cal. Nov. 19, 2018) (quoting *Collins v. JC Penney Life Ins. Co.*, 2003 U.S. Dist. LEXIS 8455, at *2 (S.D. Cal. May 6, 2003)).

The Retailer defendants made no effort to justify their burden objection with declarations, even after Plaintiff's counsel requested that they do so. Weston Decl. Ex. 21. Their general "'or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.'" *Glaukos Corp.*, 2019 U.S. Dist. LEXIS 77983, at *5 (citation omitted). *See also Unisource Worldwide, Inc. v. Swope*, 2013 U.S. Dist. LEXIS 198085, at *5-6 (C.D. Cal. Mar. 14, 2013) (objections insufficient where party "ma[de] only a generalized burden argument," that the requests were overly broad "failing even to submit a declaration detailing why producing the documents would be unduly burdensome and expensive"); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010) ("[A]n objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence."); *Bird v. Wells Fargo Bank*, 2017 U.S. Dist. LEXIS 49675, at *13 (E.D. Cal. Mar. 31, 2017) ("To demonstrate the undue

5

1  burden, the movant must provide 'affirmative and compelling proof.'"). Here, the Retailer Defendants
2  have failed to even attempt to carry their burden of "clarifying, explaining and supporting [their]
3  objections with competent evidence." *Glaukos Corp.*, 2019 U.S. Dist. LEXIS 77983, at *5.

4  **VIII.   The Retailer Defendants' "Confidential Information" Objections Should Be Overruled.**

5        Each of the Retailer Defendants objects to ROG No. 1 and RFPs Nos. 1-2 because the requests
6  "seek[] the production of proprietary and/or confidential business information, trade secrets, and/or
7  private or personal information." Weston Decl. Exs. 9-20. Plaintiff's counsel sent Defendants' counsel a
8  proposed Stipulated Protective Order, which was based on the Northern District of California's Model
9  Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information
10 and/or Trade Secrets, on August 19, 2019. On February 28, 2020, the Court entered the Parties'
11 Stipulated Protective Order. Dkt. 70. Thus, "[t]o the extent the requested documents contain confidential
12 information, . . . the protective order" that was "issued in this case will adequately protect the
13 information." *Vibal v. Geico Cas. Co.*, 2018 U.S. Dist. LEXIS 13238, at *12 (S.D. Cal. Jan. 26, 2018).
14 This repeated objection is therefore invalid.

15 **IX.    The Retailer Defendants' "Privilege" Objections Should Be Overruled.**

16       Defendants object to ROG No. 1 and RFPs Nos. 1-2 because they "seek the disclosure of
17 information or documents protected by the attorney-client privilege, attorney work-product doctrine, the
18 self-evaluative privilege, or any other applicable privilege or doctrine." Weston Decl. Exs. 9-20.

19       Once again, these non-specific cut-and-paste objections make no sense. "State or estimate your
20 unit sales of COFFEE-MATE in California and the total revenue derived therefrom" does not, as
21 Retailer Defendants claim, even conceivably involve attorney-client privilege or work product.

22       "The party asserting the attorney-client privilege bears the burden to establish that the privilege
23 applies to the requested documents. The party fails to meet its burden if it uses boilerplate language and
24 makes no effort to tailor the explanation to the specific document withheld." *Certain Interested*
25 *Underwriters at Lloyd's London v. Bear LLC*, 2016 U.S. Dist. LEXIS 72797, at *9 (S.D. Cal. June 2,
26 2016) (internal citations and alternations omitted). This objection is deficient because the Retailer
27 Defendants have failed to "state whether any responsive materials are being withheld on the basis of a
28 stated objection" and "provide a privilege log." *Caccamis v. Credit One Bank, N.A.*, 2019 U.S. Dist.

LEXIS 72083, at *9 (S.D. Cal. Apr. 26, 2019). *See also* Fed. R. Ci.v. P. 26(e)(5)(A):

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The Retailer Defendants failed to do anything like this. Their objections therefore should be overruled.

## X.     The "Not Likely to Lead to Admissible Evidence" Objections Should Be Overruled.

Defendants object to ROG No. 1 and RFPs Nos. 1-2 because the requests are "not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense, and [] not proportional to the needs of this case." Weston Decl. Exs. 9-20. However, there

> is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be [presented] in the case.

*Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015) (quotation omitted). Moreover, "'boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.'" *Advanced Visual Image Design, LLC v. Exist, Inc.*, 2015 U.S. Dist. LEXIS 102798, at *6 (C.D. Cal. 2015) (quoting *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)).

Each of the Retailer Defendants makes these non-specific and frivolous relevancy objections. The relevancy objection is frivolous for Plaintiff's requests seeking Coffee-mate's sales and revenue data. Nonetheless, the objection is easily rebutted. "Plaintiffs bear the burden of making a *prima facie* showing that the Fed. R. Civ. P. 23 requirements are satisfied or that discovery is likely to substantiate the class allegations" *Calleros v. Rural Metro of San Diego, Inc.*, 2017 U.S. Dist. LEXIS 212756, at *12 (S.D. Cal. Dec. 28, 2017) (discovery permissible when requests "relevant and likely to establish class allegations"). Requests such as "DOCUMENTS describing or summarizing the total sales and pricing of COFFEE-MATE in YOUR grocery stores in California during the CLASS PERIOD," are indisputably relevant to class certification, as they will show the element of numerosity, and they will also be needed for the damages estimates of Plaintiff's expert. Weston Decl. Exs. 5-8.

### XI. The "Summary of Voluminous Documents" Objection Should Be Overruled.

The Retailer Defendants object to Interrogatory No. 1 "on the grounds that it seeks a summary of voluminous documents." Weston Decl. Exs. 9-12, 17-18. Such an objection is implausible—large retailers such as the Defendants in this action employ product and sales tracking systems which allow them to aggregate such data with ease. Moreover, this objection essentially amounts to an "unduly burdensome" objection. "[A]n objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence." *Thomas,* 715 F. Supp. 2d at 1032. They also failed to file a declaration detailing the purported burden imposed by the request.

Ultimately, all of these objections are untenable because in a class action against a retailer, no possible estimate of damages and restitution could be made without sales data.

### XII. The Retailer Defendants May Not Re-Write Discovery Requests to Their Liking.

In response to Interrogatory No. 1, the Retailer Defendants state that subject to their objections, they will "will provide the requested sales information, not revenue information, in response to Request for Production No. 1." Weston Decl. Exs. 9-12, 17-18. The Retailer Defendants' decision to refrain from providing revenue information is entirely unsupported. Further, while the Retailer Defendants stated they would produce documents in lieu of providing a written response, no documents have been produced. "Federal Rule of Civil Procedure 33(d)(1) permits reference to business records in response to interrogatories provided 'the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party.'" *Stiles v. Walmart, Inc.*, 2020 U.S. Dist. LEXIS 8679, at *27 (E.D. Cal. Jan. 17, 2020) (quoting Fed. R. Civ. P. 33(d)(1)). Critically, in order to rely on this provision, the responding party **must actually produce the business records**. To date, the Retailer Defendants have failed to produce a single responsive document, let alone establish that "deriving or or ascertaining the answer will be substantially the same for either party.'" *Stiles*, 2020 U.S. Dist. LEXIS 8679, at *27.

### XIII. The Retailer Defendants May Not Evade Their Discovery Obligations by Requiring Information from Plaintiff Prior to Responding.

In response to RFP No. 1, the Retailer Defendants state, without support, that they "will produce

8

1  non-privileged documents, if any, responsive to this Request for Coffee-mate products during the class
2  period once information has been provided by plaintiff as to the specific SKU product information
3  requested." Weston Decl. Exs. 13-16, 19-20. However, Plaintiff's RFPs define Coffee-mate as "the
4  products identified in the Complaint, i.e., the line of coffee creamer products under the Coffee-mate
5  brand name during the period they were made with partially hydrogenated oil." Weston Decl. Exs. 5-8.
6  This definition is more than sufficient for the Retailer Defendants to identify the products at issue—all
7  Coffee-mate creamer products which contained partially hydrogenated oil as an ingredient. While not
8  his burden, Plaintiff's July 10, 2020 letter sent counsel for the Retailer Defendants a letter containing "a
9  partial list of Coffee-mate flavors, which were likely sold under a different SKU for each size, that
10 contained PHO during the class period," further undercutting the Retailer Defendants' objection. Weston
11 Decl. Ex. 21. Moreover, if Defendants truly were incapable of providing only the relevant Coffee-mate
12 sales, they could have simply sent all such sales and let Plaintiff sort it out. Instead, while Plaintiff has
13 sat for deposition, answered interrogatories, and produced thousands of pages of documents, no
14 Defendant in this case has produced even a single page or answered a single interrogatory, even after
15 falsely representing to Plaintiff and the Court they would.

### XIV.  **Plaintiff Requests Leave to File a Fee Application Should He Prevail on this Motion.**

"Federal Rule of Civil Procedure 37(b)(2)(A) . . . 'authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules.'" *Atayde v. Napa State Hosp.*, 2020 U.S. Dist. LEXIS 93604, at *24 (E.D. Cal. May 28, 2020) (quoting *Wyle v. R.J. Reynolds Indus. Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)). Under Rule 37(a)(5)(A)

> if a motion to compel is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant filed the motion before attempting to confer in good faith, the nonmovant's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust.

*Bowden v. California,* 2019 U.S. Dist. LEXIS 126068, at *5-6 (E.D. Cal. July 29, 2019) (citing Fed. R. Civ. P. 37(a)(5)(A). Should Plaintiff prevail or substantially prevail, he respectfully requests leave to file an application for attorney fees incurred in making the motion and reply.

Here, for the reasons described in this motion, Defendants' vague boilerplate objections were not substantially justified. Indeed, they mostly did not even make logical sense. Moreover, Defendants' refusal to respond to Plaintiff's detailed July 10 letter, as well as telling Plaintiff on June 12 that a document production would begin on July 18, further justifies fee shifting. *See* L.R. 37-1(a).

## XV. Conclusion

The Court should, respectfully, grant this motion.

DATED: August 6, 2020                                       Respectfully Submitted,

/s/ Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:    (619) 798-2006
Facsimile:      (619) 343-2789

**Counsel for Plaintiff**